# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50363 | **DATE** | 8/3/2004 |
| **CASE TITLE** | Brown vs. Howard | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies the motion for summary judgment. The parties are directed to contact the Magistrate Judge within 30 days to schedule a settlement conference or mediation.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 8-3-04 date docketed | |
| | Notified counsel by telephone. | | 28 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 8-3-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Tommy Brown ("Brown"), brought an amended complaint against defendants Clarence Howard, Charles Gallagher, Vince Enna, Jr., a nurse designated as Jane Doe, a doctor designated as John Doe, and "Scott." Defendant Howard is a Sergeant at the Winnebago County jail, defendants Gallagher, Enna, and Scott are correctional officers at the jail. Brown alleges defendants Howard, Gallagher, and Enna violated his Eighth Amendment right to be free from cruel and unusual punishment. He sues under 42 U.S.C. §1983. This court has jurisdiction pursuant to 28 U.S.C. §1331. Defendants Howard, Gallagher, and Enna bring a motion for summary judgment pursuant to Fed. R. Civ. Pro. 56.

Summary judgment is appropriate if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Roach v. City of Evansville, 111 F.3d 544, 547 (7th Cir. 1997). When deciding a motion for summary judgment, the court must look at the evidence as a jury might, construing the record in the light most favorable to the non-movant and avoiding the temptation to decide which party's version of the facts is more likely true. Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003).

Brown's undisputed factual assertions include that on August 17, 2000, while an inmate of the Winnebago County jail, he requested a transfer to another tier due to problems he was experiencing. In response to Brown's request, officer Haenitsch agreed to effectuate a cell change. As officer Haenitsch and Brown neared Brown's new tier assignment Brown inquired about sleeping arrangements, if he would be sleeping on a bed or whether he would be assigned to a mat on the floor. Upon learning that it was unlikely he would have a bed as his initial sleeping assignment, Brown protested and demanded to see a superior officer. Officer Haenitsch responded to Brown's protestations by directing Brown to enter his new tier and by stating he would make arrangements for him to see a superior officer once he was secured in his cell. Officer Haenitsch then opened the access door to G-Block in such a manner that it struck Brown. Brown then engaged in a physical altercation with officer Haenitsch, dropping his belongings, punching officer Haenitsch in the temple, punching him in the mouth, and placing him in a headlock until releasing him and running down a corridor in the jail. After running from the scene of the altercation, Brown immediately encountered officer Drager and officer Enna. Brown raised his hands and placed them against a nearby wall. Officer Drager approached Brown, placed a handcuff on Brown's left wrist, and maneuvered him to the hallway floor. Once Brown was on the floor, officers Drager, Enna, and Gallagher forced Brown into a face down position until he was fully handcuffed behind his back. Sergeant Howard did not directly participate in the restraint, but did supervise the restraint process. During the restraint, Brown's left handcuff continued to tighten. The defendants transported him to his eventual cell, which was approximately 20 feet away. During the transport Brown was held in the "compliance hold," a position where Brown's wrists were bent upward. Brown was fully restrained somewhere between 35 and 60 seconds. Notwithstanding the short duration of the handcuffing, the radial sensory nerve in Brown's left hand was injured by the placement of his left handcuff.

While in his amended complaint Brown alleges defendant Scott initially handcuffed his left wrist, he alleges it was Drager who did so in his deposition. Whether it was Scott or Drager who handcuffed Brown's left wrist is immaterial as Brown alleges that although the officers acted constitutionally by initially restraining him with handcuffs, defendants Howard, Gallagher, and Enna violated his Eighth Amendment right to be free from cruel and unusual punishment by further tightening his left handcuff and not loosening it in order to cause him pain. Although Brown does not know which defendant further tightened his left handcuff after he was subdued with absolute certainty because he was laying face down on the floor, he believes with relative certainty and intends to prove at trial that it was defendant Gallagher, and that he did so with the malicious and sadistic intention of causing Brown substantial bodily harm in violation of his Eighth Amendment rights for striking a fellow jail guard. The disputed facts also include how during the restraint Brown's left handcuff was tightened to the point that he began complaining about the pain and that the defendants did not adjust or otherwise loosen the handcuffs. Brown also asserts that when he complained of the excruciating pain he was sustaining as a result of the further tightening the defendants responded by saying "Good," "Tough shit," and "Shut up." Brown alleges that it was after his left handcuff was further tightened that his radial sensory nerve was damaged. Drager, Howard, Gallagher, and Enna do not recall with a consensus who, if anybody, further tightened Brown's left handcuff. They also do not individually recall making such comments, but believe it to be possible that a defendant among them did. Furthermore, Brown alleges that after his wrist was damaged an on-duty nurse examined his wrist and prescribed ice to lessen the possibility of swelling. When defendants Gallagher and Enna brought Brown a bucket of ice water, Enna threw the bucket's contents onto Brown in a taunting fashion, soaking him and preventing him from using the ice water for his wrist. Defendant Gallagher intentionally blocked the security camera so that the ice-pouring incident would not be recorded. Later, defendants Enna and Gallagher allegedly tried to move Brown's cell mate to a different cell because they did not want him in the way when they hurt Brown, saying "we're going to break his bones."

Officer Drager is not named as a defendant in the amended complaint as he is not alleged to have further tightened Brown's left handcuff to cause him harm or to have made a malicious comment to Brown with regard to his pain.

The Eighth Amendment applies in this case because Brown was serving a sentence for crimes he had been convicted of, awaiting extradition in the Winnebago County jail. In the prison setting, for §1983 claims of excessive physical force to be actionable under the Eighth Amendment's prohibition against cruel and unusual punishment, a plaintiff must prove that the excessive force was applied maliciously and sadistically. Whitley v. Albers, 475 U.S. 312, 320 (1986). Only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Whitley, 475 U.S. at 320. Where a prison security measure is undertaken to resolve a disturbance, the disturbance indisputably poses significant risks to the safety of inmates and prison staff; the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. Whitley, 475 U.S. at 320-321.

It is undisputed that officers Howard, Gallagher, and Enna's use of force in initially subduing Brown was a justified and good faith effort to restore order and safety in the jail. However, the numerous cases defendants cite regarding the constitutionality of using handcuffs for even extensive periods of time are not dispositive of the current issue as Brown does not allege his 35-60 second handcuffing was unconstitutional. It was after he was handcuffed, as he laid face down on the floor, that Brown alleges a defendant behind him took the left handcuff which was already on and further tightened it down unconstitutionally to cause pain, causing substantial damage to his radial sensory nerve. Brown's allegations that the defendants tightened his left handcuff, made comments of "Good," "Tough shit," and "Shut up" when he complained of excruciating pain, failed to loosen his handcuffs, tauntingly threw ice water on him when he needed medical treatment, and said they wanted to "break [Brown's] bones," raise a material question of fact as to whether the defendants harbored a malicious and sadistic intent. While determining whether summary judgement is appropriate in this case is a very close call, the plaintiff's factual assertions, when taken as true, and in their entirety, allow a jury to believe there is sufficient evidence to support a finding that the defendants had a malicious and sadistic intent to cause Brown pain. Because an issue of material fact remains as to whether defendants had a malicious and sadistic intent to cause Brown pain, leading to his injury, summary judgment is not appropriate.

Defendants Howard, Gallagher, and Enna also contend that Brown's claimed injuries are not actionable as a matter of law. Citing Dr. Li's deposition, one of Brown's treating physicians, defendants claim that Brown's radial nerve injury which causes numbness in the palm-thumb area of his left hand clinically insignificant inasmuch as it does not affect either the strength or mobility of his left hand. While not every touch rises to the level of a constitutional violation, see Lunsford v. Bennett, 17 F.3d 1574, 1582 (7th Cir. 1994), the Supreme Court of the United States has held that in the excessive force context, standards of acceptability are violated when prison officials maliciously and sadistically use force to cause harm, whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Herzog v. Village of Winnetka, 309 F. 3d 1041, 1043-44 (7th Cir. 2002) (recognizing that overly tight handcuffs can constitute excessive force regardless of the severity of the injury). Because an issue of material fact remains as to whether the defendants had a malicious and sadistic intent to cause Brown pain, leading to his injury, whether clinically insignificant or not, summary judgment is not appropriate.

Defendants Howard, Gallagher, and Enna also contend summary judgment is proper based upon the doctrine of qualified immunity. The applicable law enunciates that state officials who occupy positions with discretionary authority, and are acting in their official capacity, may have qualified immunity for claims alleging that the state officials violated the constitutional rights of a plaintiff. Jacobs v. City of Chicago, 215 F.3d 758, 766 (7th Cir. 2000). But these officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Id., 215 F.3d at 766, citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The constitutional right at issue here was clearly established and a reasonable person would know that such conduct, if proven, would have violated that right. Thus, summary judgment on the basis of qualified immunity is also denied.

For the foregoing reasons, the court denies the motion for summary judgment. The parties are directed to contact the magistrate within 30 days to schedule a settlement conference or mediation.